## McCleary v. Faber.

A judgment in another state is within the act of Assembly allowing judgments to be entered for want of an affidavit of defence.

And if it purports to be entered by default under a rule of court, and there be no such rule, it will avail under the act of Assembly.

An agreement allowing a sale under an execution without appraisement, waives errors in the declaration, there having been a judgment on a copy of the claim filed, for want of an affidavit of defence.

In error from the Common Pleas of Mercer county.

Oct. 4. The plaintiff declared, in the District Court, now Common Pleas, on a judgment recovered in the Common Pleas of Trumbull county, state of Ohio. The plaintiff filed a copy of the record, which was a judgment on a cognovit, as his claim, under the act creating the court, and authorizing judgments for want of affidavits of defence, and entered a judgment *by default, according to the rules of court.* In 1843, a *fi. fa.* issued, and the defendants, in writing, agreed the property should be sold without an appraisement. An attachment execution having issued, this writ of error was sued out.

The errors assigned were that the *narr.* did not set forth a judgment in the state of Ohio, or aver jurisdiction in the Common Pleas of Trumbull, nor that a cause of action accrued in Mercer county.

That the cause of action was not within the act of Assembly, and the judgment was irregular, there being no such rule of court as was there referred to.

*Pearson,* for plaintiff in error.—There is no such rule of court as that referred to in the judgment; and the act of 1839 does not embrace this cause of action. The *narr.* is very defective; 1 Chit. Pl. 274; Cooper, 161.

*Maxwell* and *McGuffin,* contrà.

*Oct.* 16. COULTER, J., (after stating the case.)—The intention of the act of Assembly was to obliterate the forms by which the trial of a cause is protracted and delayed, where there is either a good defence, or where the defendant believes he has one. In either of which categories, the defendant can and ought to make affidavit of defence. But when he declines or neglects to do so, and the law requires it, there is no reason whatever that he should not suffer the consequence of his inability or neglect to make the affidavit, and by so doing, prejudice the rights of the plaintiff, who does nothing more than the law authorizes. We cannot allow a good cause of action, perhaps informally set forth, to lose the wholesome purposes and ends of this act of Assembly, which conduces so much to the furtherance of justice, and can injure no man who either has, or thinks he has, a good defence. The bond itself is set forth, and profert made of it in the *narr.*, as well as the judgment obtained upon it in the state of Ohio; we are of opinion, therefore, that the present action is within the provision of the act of Assembly establishing the District Court, being founded on a contract and cause of action covered by the terms of the act. The appearance of the defendant to the suit, and declining or neglecting to make the affidavit required by the act, justified the entry of judgment in the action for want of such affidavit.

It is also alleged that there is no rule of court authorizing the entry of judgment for want of an affidavit of defence, as referred to in the entry of the judgment. But the act of Assembly which contains the provision is a rule of court, and enters into its constitution. It is the highest possible rule, and needed not to be transcribed into a little book entitled rules of court, in order to give it binding and obligatory force in the practice of the court.

But the defendants waived any objection to an execution issued on this judgment. The counsel of plaintiff in error, however, contends that a waiver is only efficacious against him who obtains some advantage by it; and as McCleary had no property then, and his property was not levied on, that he ought not to be affected by it now, when he has acquired property.

The record does not show whether he had property then, or has now. But suppose the principle to be correct, which is not by any means conceded to the extent contended for, it could not affect this agreement. It is an agreement to waive objection to the omission of an appraisement, and that the property levied on should be sold without it; by which all parties were or considered themselves benefited to some extent, because it saved costs, and left so much more of the product of sale to go towards the satisfaction of the judgment; and they perhaps thought the land would bring more by showing that the defendants were satisfied with the sale. But the agreement was an acknowledgment that the judgment was lawful; and it operates more as an equitable estoppel to prevent any of the defendants below, after the lapse of so many years, from saying that the judgment is invalid, or was so at the time it was entered. This writing thoroughly cures any defect in point of form or technicality in setting out the cause of action, as did also the appearance of the defendants and declining to make affidavit of defence.

Judgment affirmed.